IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| William Carl Brock, ) | Case No. 8:12-cv-02911-RMG-JDA |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| Troy Stone and Dr. Byrne[1], ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on a motion to dismiss filed by Defendant Dr. Byrne ("Byrne") [Doc. 28]; a motion to dismiss filed by Defendant Troy Stone ("Stone") [Doc. 31]; a motion for temporary restraining order or preliminary injunction filed by Plaintiff [Doc. 60]; and a motion for summary judgment filed by Byrne [Doc. 69]. Plaintiff, a prisoner proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983. [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 to and submit findings and recommendations to the District Court.

Plaintiff filed this action on October 4, 2012,[2] alleging "violation [of his] 8th Amendment and 14th Amendment [rights,] cruel and unusual punishment[,] deliberate indifference, [and] negligence." [Doc. 1 at 2.] On January 23, 2013, Defendants filed a

---

[1] Although Plaintiff identified this defendant as Dr. Byrnes, the defendant identifies himself as Dr. Thomas E. Byrne. [*See, e.g.*, Docs. 27, 28-2; *see also* Doc. 69-4 (medical records identifying doctor as Thomas E. Byrne).]

[2] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Plaintiff, this action was filed on October 4, 2012 [Doc. 1-4 (envelope marked as received on October 4, 2012 by prison mail room).]

motion to dismiss.³ [Doc. 28.] On the same day, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 29.] Plaintiff filed a response in opposition to the motion on February 4, 2013. [Doc. 36]. Byrne and Stone filed separate replies on February 14, 2013. [Docs. 46, 47.] On January 29, 2013, Stone filed a motion to dismiss. [Doc. 31.] On January 30, 2013, the Court filed a second Order pursuant to *Roseboro*, 528 F.2d 309 [Doc. 34], and filed an Order directing Plaintiff to respond to Stone's motion to dismiss on March 18, 2013 [Doc. 57]. Plaintiff filed a response in opposition to the motion on March 29, 2013 [Doc. 61], and Stone filed a reply on April 8, 2013 [Doc. 63].⁴ On March 26, 2013, Plaintiff filed a motion for a temporary restraining order or preliminary injunction. [Doc. 60.] Byrne filed

---

³The original motion to dismiss was filed by both Defendants on January 23, 2013 [Doc. 28]; however, on January 29, 2013, a second motion to dismiss was filed by Stone [Doc. 31]. Additionally, Stone's initial counsel, who filed the original motion to dismiss on behalf of Stone, was terminated for Stone on February 13, 2013. [Doc. 43.] Accordingly, the Court construes the original motion to dismiss as now applying only to Byrne.

In Byrne's motion to dismiss, he argues Plaintiff's complaint should be dismissed because (1) Plaintiff failed to file an expert affidavit with the complaint as required in a medical malpractice action and (2) the complaint fails to state a claim upon which relief can be granted because Plaintiff's grievances were considered and addressed. [Doc. 28-2.] The requirement of an expert affidavit, however, as stated by Byrne, applies to state law medical malpractice claims. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of federal, not state, law . [Doc. 1; *see also* Doc. 61 at 3–4 ("Plaintiff Brock is <u>not arguing a medical malpractice</u> suit under title 42 USC - 1983, he is arguing Defendant[] Byrne was and is deliberately indifferent to his medical need and his <u>spinal injury</u> has never been properly diagnosed or diagnosed at all." (emphasis in original)).] That Plaintiff did not provide an expert affidavit with his complaint does not mandate dismissal of his § 1983 claim. Further, to the extent Byrne argues Plaintiff cannot state a claim because he exhausted internal grievance procedures, this argument is not an accurate reflection of the law. To the contrary, Plaintiff could not bring his claims in federal court until exhaustion was accomplished. *See, e.g.*, *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Accordingly, the Court recommends the motion to dismiss filed by Byrne be denied.

⁴In his response in opposition to Stone's motion to dismiss, Plaintiff states he would not contest "the removal of Defendant[] Stone from his federal suit, since any actions or in-actions on his behalf would result only in <u>negligence</u> and not deliberate indifferent standard outlined in 42 USC § 1983 or the requirements needed to establish such" [Doc. 61 at 1 (emphasis in original)] and "agrees to Defendant Stone being dismissed from his federal suit" [*id.* at 2], asking the Court to "remove or grant[] Defendant Stone[']s motion to dismiss" [*id.* at 5]. Accordingly, the Court recommends the motion to dismiss filed by Stone be granted.

2

a response in opposition to the motion on April 12, 2013 [Doc. 64], and Plaintiff filed a reply on April 26, 2013 [Doc. 70]. On April 26, 2013, Byrne filed a motion for summary judgment. [Doc. 69.] On April 29, 2013, the Court filed a third Order pursuant to *Roseboro*, 528 F.2d 309. [Doc. 71.] On May 22, 2013, Plaintiff filed a response in opposition to the motion [Doc. 73], and Byrne filed a reply on June 12, 2013 [Doc. 75]. All motions are now ripe for consideration.

## **BACKGROUND**

Plaintiff complains that in July 2010, while confined in the Special Management Unit ("SMU") at Allendale Correctional Institution ("ACI"), he was moved to a cell where he "had a problem with the bolts sticking up out of the floor." [Doc. 1 at 3.] On October 9, 2010, while getting out of the top bunk, which had no ladder, the table Plaintiff used to climb down to the floor rocked because it was not bolted down and caused Plaintiff to fall, hurting his lower back, neck, and head. [*Id.*] Medical came and took Plaintiff to the infirmary; however, nothing was done and Plaintiff was returned to his cell. [*Id.*]

Plaintiff alleges that, due to his back pain, he was unable to climb onto his top bunk and had to sleep on the floor from October 9, 2010 through October 23, 2010. [*Id.*] Plaintiff further alleges he spoke with Byrne the day after the accident and asked for pain pills and a bottom bunk but "had to wait until one became available." [*Id.*] Byrne initially gave Plaintiff Ibuprofen but then gave him Naproxen and Aceta-Gesic from October 13, 2010 through March 4, 2011. [*Id.* at 4.] Plaintiff complains the pills did not relieve his pain and that Byrne refused to help Plaintiff get better. [*Id.*] Plaintiff claims Byrne failed to send Plaintiff to get an MRI to see if he had a pinched nerve and failed to do x-rays to see how

bad his spinal column was out of place and whether there were any bruises or swollen parts under his skin. [*Id.*]

Plaintiff claims he has been and will continue to be irreparably injured and seeks "a declaration that the acts and omissions described [in the complaint] violated Plaintiff[']s rights under the Constitution and laws of the United States." [*Id.* at 5.] Additionally, Plaintiff seeks compensatory damages in the amount of $50,000 against each Defendant in his individual capacity; punitive damages; a jury trial on all issues triable to a jury; Plaintiff's costs; and any relief the Court deems just, proper, and equitable. [*Id.*]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by

> governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

7

unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

**Deliberate Indifference to Medical Needs**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment and states a cause of action under § 1983 because deliberate indifference constitutes "the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104–05 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)). Deliberate indifference exists when prison officials know of a substantial risk to a prisoner's health or safety and consciously disregard that risk. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990) ("Deliberate indifference may be demonstrated by either actual intent or reckless disregard.

A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." (citation omitted)).  Within the United States Court of Appeals for the Fourth Circuit, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" to violate a prisoner's Eighth Amendment rights.  *Miltier*, 896 F.2d at 851.

To prevail on an Eighth Amendment claim, the prisoner must demonstrate (1) his medical condition was a sufficiently serious one and (2) subjectively, the prison officials acted with a sufficiently culpable state of mind, which is satisfied by showing deliberate indifference by the prison officials.  *Goodman v. Wexford Health Sources, Inc.*, No. 09-6996, 2011 WL 1594915, at *1 (4th Cir. Apr. 28, 2011) (quoting *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998)).  As the United States Supreme Court has explained,

> Since, we said, only the "'unnecessary *and wanton* infliction of pain'" implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege "deliberate indifference" to his "serious" medical needs.  "It is *only* such indifference" that can violate the Eighth Amendment; allegations of "inadvertent failure to provide adequate medical care," or of a "negligent . . . diagnos[is]," simply fail to establish the requisite culpable state of mind.

*Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (emphasis and alteration in original) (citations omitted).  Further, in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment.  *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citing *Layne v. Vinzant*, 657 F.2d 468, 471 (1st Cir. 1981)); *see Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975) (citing *Blanks v. Cunningham*, 409 F.2d 220 (4th Cir.1969); *Hirons v. Director*, 351 F.2d

613 (4th Cir.1965)) ("Prisoners are entitled to reasonable medical care."); *see also, e.g.*, *Barton v. Dorriety*, No. 9:10-cv-1362, 2011 WL 1049510, at *2 (D.S.C. Mar. 21, 2011) (citing *Jackson*, 846 F.2d at 817). The fact that a prisoner believed he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g.*, *Russell*, 528 F.2d at 319.

Assuming without deciding that Plaintiff can establish his medical needs are sufficiently serious, he has failed to establish a genuine issue of material fact remains as to whether Byrne acted with a sufficiently culpable state of mind. According to medical records, Plaintiff was seen on October 9, 2010 by medical after his fall from the top bunk. [Doc. 69-4 at 16.] Plaintiff was given an EKG, which showed normal sinus rhythm. [*Id.*] Records indicate there were no visible injuries and Plaintiff moaned, stopped answering questions after being asked where he hit his head, and half walked and was dragged some for refusal to walk back to SMU. [*Id.*] Byrne directed the SMU control room to give Plaintiff Tylenol every four hours as needed for complaints of headache. [*Id.*] Plaintiff was seen again on October 13, 2010 for complaints of neck, back, and hip soreness following his fall. [*Id.* at 15.] Plaintiff was directed to take Ibuprofen three times per day with food. [*Id.*] Plaintiff requested a bottom bunk pass, but no pass was issued. [*Id.*]

Plaintiff was seen again on October 25, 2010 with complaints of back and neck pain. [*Id.*] Plaintiff's lower back appeared tender to touch but no muscle spasms were noted. [*Id.*] Byrne saw Plaintiff again on November 5, 2010. [*Id.* at 14.] Treatment notes indicate Plaintiff was ambulatory but appeared stiff. [*Id.*] Plaintiff requested different pain medicine, and Byrne prescribed Narproxen twice a day with food for 30 days; Phenylgesic three times

a day for headaches for 14 days; and Percogesic and Parafon starter packs. [*Id.*] On November 12, 2010, Byrne saw Plaintiff again, and Plaintiff complained of pain with walking. [*Id.*] Treatment notes indicate Byrne was considering ordering x-rays of Plaintiff's back. [*Id.*] On November 19, 2010, however, Plaintiff was walking much better and stated he felt better although he could not take a deep breath when yawning. [*Id.* at 13.]

On January 5, 2011, Plaintiff was transported for x-rays with normal results. [*Id.* at 11]. On January 24, 2011, Plaintiff requested something for exercise, different pain medicine, and muscle relaxers. [*Id.* at 10.] Treatment notes indicate medicine was ordered. [*Id.*] On February 25, 2011, Byrne declined Plaintiff's request for more muscle relaxers because Plaintiff had an order for Naproxen and muscle relaxers had been abused in the past and are for short term use only. [*Id.* at 9.] Plaintiff was again transported for x-rays on April 6, 2011. [*Id.* at 8.] Plaintiff was seen a number of times between April 2011 and July 2012. [*Id.* at 2–8.] Treatment notes from July 12, 2012 indicate Plaintiff was moving with no difficulty and moved up and down from a chair without difficulty. [*Id.* at 2.] Plaintiff has not returned to medical complaining of back or neck pain since July 17, 2012. [Doc. 69-3 at 2.]

Although Plaintiff may disagree with the treatment he received, Byrne has adequately addressed Plaintiff's medical needs. Plaintiff's disappointment in the treatment received does not translate to deliberate indifference. As explained above, the Constitution requires only that a prisoner receive adequate medical care; the Constitution does not mandate that a prisoner receive the medical treatment of his choice. *See, e.g., Jackson*, 846 F.2d at 817. Plaintiff has failed to demonstrate a genuine issue of material fact

remains as to whether Byrne acted with deliberate indifference. Accordingly, Byrne's motion for summary judgment should be granted.[5]

**Qualified Immunity**

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity does not protect an official who violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id.* Further, qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To determine whether qualified immunity applies, a court must determine "'whether the plaintiff has alleged the deprivation of an actual constitutional right at all[] and . . . whether that right was clearly established at the time of the alleged violation.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Conn v. Gabbert*, 526 U.S. 286, 290 (1999)). "[W]hether an official protected by qualified immunity may be held personally liable for an

---

[5]As previously stated, Plaintiff filed a motion for temporary restraining order or preliminary injunction. [Doc. 60.] Plaintiff asks the Court to order that he be taken to an outside medial facility to be diagnosed by a physician other than Byrne. [Doc. 60 at 3.] For a temporary restraining order or preliminary injunction to issue, a plaintiff must establish (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities is in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 55 U.S. 7, 20 (2008). Because Plaintiff has failed to demonstrate a genuine issue of material fact remains as to whether Byrne acted with deliberate indifference, Plaintiff has failed to establish he is likely to succeed on the merits of his medical indifference claim and, thus, has failed to satisfy the first prong of the requirements to issue a temporary restraining order or preliminary injunction. Accordingly, the Court recommends Plaintiff's motion for temporary restraining order or preliminary injunction be denied.

allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action[,] assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (citing *Harlow*, 457 U.S. at 819). For purposes of this analysis, a right is "clearly established" if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 640.

District court and court of appeals judges are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If a court decides in the negative the first prong it considers—i.e., the court decides the plaintiff has not alleged the deprivation of an actual constitutional right or the right was not clearly established at the time of the alleged violation—the court need not consider the other prong of the qualified immunity analysis. *See id.* at 243–45; *Torchinsky v. Siwinski*, 942 F.2d 257, 260 (4th Cir. 1991) (holding the court "need not formally resolve" the constitutional question of "whether the [plaintiffs] were arrested without probable cause" to address the plaintiffs' § 1983 claim; the court stated that it "need only determine whether [the defendant]—a deputy sheriff performing within the normal course of his employment—acted with the objective reasonableness necessary to entitle him to qualified immunity").

As discussed above, Plaintiff's allegations fail to demonstrate Byrne violated Plaintiff's constitutional rights. Therefore, Byrne is entitled to qualified immunity.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends the motion to dismiss filed by Byrne be DENIED; the motion to dismiss filed by Stone be GRANTED; the motion for temporary restraining order or preliminary injunction filed by Plaintiff be DENIED; and the motion for summary judgment filed by Byrne be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

July 16, 2013
Greenville, South Carolina