# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ANDERSON DIVISION

|  |  |  |
|---|---|---|
| William Carl Brock, | ) | |
| Plaintiff, | ) ) ) | No. 8:12-CV-2911-RMG |
| v. | ) ) | |
| Troy Stone and Dr. Byrne, | ) ) | **ORDER** |
| Defendants. | ) ) ) | |

This Section 1983 matter comes before the Court with several motions pending. [Dkt. Nos. 28, 31, 60, and 69]. Upon its filing on October 4, 2012, this case was referred to a United States Magistrate Judge for all pretrial proceedings. *See* 28 U.S.C. § 636(b); Local Civil Rule 73.02(B)(2) DSC. Reviewing these motions, the Magistrate Judge assigned to the case issued a Report and Recommendation ("R&R") on July 16, 2013, in which she recommended: denying the motion to dismiss filed by Defendant Dr. Byrne, (Dkt. No. 28), but granting his motion for summary judgment, (Dkt. No. 69); granting Defendant Troy Stone's motion to dismiss, (Dkt. No. 31); and denying Plaintiff William Carl Brock's motion for a temporary restraining order or preliminary injunction, (Dkt. No. 60). Plaintiff filed objections on August 5, 2013. (Dkt. No. 84). After careful review of the pleadings and Plaintiff's objections, the Court concludes that the Magistrate Judge correctly applied the relevant law to the operative facts. Accordingly, the Court adopts the R&R and dismisses this action.

The Magistrate Judge makes only a recommendation to this Court. This recommendation has no presumptive weight, and the responsibility for making a final determination remains with this

Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, in reviewing these pleadings, the Court is mindful that it must liberally construe the pleadings of this *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

Plaintiff has consented to the dismissal of Defendant Stone from this action. (Dkt. No. 80 at 2 n.4). In his objections, however, Plaintiff argues that he has met the standard for overcoming summary judgment with respect to his deliberate indifference claim against Defendant Dr. Byrne. (Dkt. No. 84).[1]

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Abraham v. McDonald*, 493 F. App'x 465, 466 (4th Cir. 2012) (citations omitted).

---

[1] Summary judgment is, of course, only appropriate if a party "shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (stating that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts"). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).

However, the Constitution requires that prisoners receive reasonable medical care, not their choice of treatment. *See Russell v. Sheffer*, 538 F.2d 318, 318–19 (4th Cir. 1975).

Here, the medical records—carefully reviewed by the Magistrate Judge and now this Court—reflect a course of treatment falling well within the range of discretion courts afford prison medical professionals. Plaintiff was seen by prison medical personnel numerous times in the two years after his October 9, 2010, fall from his bunk. (Dkt. No. 80 at 10–11). The medical personnel examining Plaintiff, including Dr. Byrne, reported inconsistent and fairly vague self-reported symptoms, and also indicated some concern about the over-prescription of muscle relaxers. (*Id.* at 11). X-rays ordered on January 5, 2011, returned normal results. (*Id.*). Eventually, Plaintiff's symptoms improved and he has not returned for treatment of this issue since July 2012. (*Id.*).

On this record, Plaintiff cannot demonstrate he suffered from a serious medical need "diagnosed by a physician as *mandating*" specific treatments, such as being seen by a specialist such as a chiropractor, (Dkt. No. 84 at 1), and was then denied that specific treatment by Dr. Byrne. *Iko*, 535 F.3d at 241 (emphasis added). The record shows that Plaintiff did not receive his choice of treatment, not that he did not receive reasonable treatment. *See Russell*, 538 F.2d at 318–19. Accordingly, even construing all inferences and ambiguities in favor of Plaintiff, the Court concludes that Plaintiff cannot demonstrate, directly or through inference, deliberate indifference on the part of Defendant Byrne.

## Conclusion

For these reasons, the Court adopts the Magistrate Judge's Report and Recommendation as the order of the Court. (Dkt. No. 80). The Court DENIES Defendant Dr. Byrne's motion to dismiss, (Dkt. No. 28); GRANTS Dr. Byrne's motion for summary judgment, (Dkt. No. 69); GRANTS

Defendant Troy Stone's motion to dismiss, (Dkt. No. 31); DENIES Plaintiff William Carl Brock's motion for a temporary restraining order or preliminary injunction, (Dkt. No. 60); and DISMISSES this action with prejudice.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
August 9, 2013